UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELVEN LEWIS,

Plaintiff,

Case No. 1:13-cv-1152

v.

Honorable Robert Holmes Bell

W. BURKE, Jr. et al.,

Defendants.

______________________________/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).[1] The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff will pay an initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or

[1] Plaintiff's form complaint also cites 42 U.S.C. § 1983 as a basis for relief, but that statute applies to persons acting under color of state law; it does not apply to federal officials. *See District of Columbia v. Carter*, 409 U.S. 418, 423–25 (1973) ("[A]ctions of the Federal Government and its officers are at least facially exempt from [§ 1983's] proscriptions."); *Benson v. United States*, 969 F. Supp. 1129, 1135 (N.D. Ill. 1997).

wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff Kelven Lewis is incarcerated at the Carson City Correctional Facility. Defendants are members of the armed forces (i.e., the United States Navy or the United States Marine Corps) located in Seattle, Washington: Commander W. Burke, Jr., Colonel (unknown) Quinlan, Lieutenant Colonel (unknown) Jannell, Lieutenant Commander (unknown) Buchheister, Major (unknown) Duncan, and Gunnery Sergeant (unknown) Messam.

Plaintiff's allegations are brief. For each Defendant, Plaintiff alleges the following: "wrongfully discharged me; withheld basic pay." (Compl., docket #1, Page ID#5.) He also contends that his discharge was classified as "Other Than honorable Discharge" when it should have been classified as "Honorable Discharge." (*Id.*) As relief, he requests an "upgrade [to his] character of service condition" to "Honorable Discharge." (*Id.*) He also seeks reimbursement of over 16 years of back pay that was withheld during his confinement.

**Discussion**

I. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

In *Bivens*, the Supreme Court recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). This implied cause of action is "the federal analog to suits brought against state officials" under 42 U.S.C. § 1983. *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006). To state a claim that is cognizable in a *Bivens* action, the plaintiff must plead two essential elements: first, that he has been deprived of rights secured by the Constitution or laws of the United States, and second, that the defendants acted under color of federal law. *Bivens*, 403 U.S. at 397.

Plaintiff's complaint must be dismissed because it fails to satisfy basic pleading requirements for stating a constitutional claim. It merely consists of conclusory statements that

Defendants engaged in wrongful conduct, without any supporting allegations of material fact to show (for purposes of stating a claim) that Defendants violated any of his rights, let alone his constitutional rights. Thus, it falls far short of stating a cognizable claim.

Even if Plaintiff had stated a plausible claim against Defendants, his action would be subject to dismissal because he seeks damages from military officers who were responsible for terminating him from military service. In *Chappell v. Wallace*, 462 U.S. 296 (1983), the Court held that enlisted naval personnel could not pursue a *Bivens* action against their superior officers for constitutional violations in connection with duty assignments and performance evaluations. *Id.* at 297. The Court noted that the plaintiffs could have pursued claims related to military promotions and back pay through an intramilitary administrative procedure authorized by statute. *Id.* at 303. However, Congress did not provide a remedy for claims that their constitutional rights were violated by their superior officers. The Court was concerned that such claims would threaten "disruption of '[t]he peculiar and special relationship of the soldier to his superiors . . . if the soldier were allowed to hale his superiors into court[.]'" *Id.* at 304 (quoting *Stencel Aero Eng'g Corp. v. United States*, 431 U.S. 666, 676 (1977)). Thus, the Court concluded that the "unique disciplinary structure of the military establishment and Congress' activity in the field" constituted "special factors" that made it inappropriate to allow a judicially-created *Bivens* remedy. *Id.*

In a subsequent case, the Court reaffirmed its reasoning in *Chappell*, and held more broadly that, even when an officer-subordinate relationship is not at issue, a "*Bivens* remedy is [not] available for injuries that 'arise out of or are in the course of activity incident to service.'" *United States v. Stanley*, 483 U.S. 669, 683-84 (1987) (quoting *Feres v. United States*, 340 U.S. 135, 146

(1950)). The rule in *Chappell* and *Stanley* plainly applies to Plaintiff's case, which concerns an injury arising out of or incident to his military service. Thus, a *Bivens* remedy is inappropriate.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated: November 27, 2013

/s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE